UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDY RYAN PHOTOGRAPHER, LLC,

                        *Plaintiff*,

    v.

DAGNY'S REAL ESTATE LLC, *and*
DOES 1–10,

                        *Defendants*.

No. 24-CV-7787 (KMK)

ORDER & OPINION

Appearances:

Scott Burroughs, Esq.
David Jenkins, Esq.
Doniger / Burroughs
New York, NY
*Counsel for Plaintiff*

Richard Scott Schurin, Esq.
Maya Addady, Esq.
Stern & Schurin LLP
Garden City, NY
*Counsel for Defendant Dagny's Real Estate LLC*

KENNETH M. KARAS, United States District Judge:

       Andy Ryan Photographer, LLC, ("Plaintiff") brings this Action against Dagny's Real Estate LLC ("Defendant") and Does 1–10 alleging copyright infringement under 17 U.S.C. § 101, et seq., and violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202 et seq. (*See generally* Am. Compl. (Dkt. No. 20).) Before the Court is Defendant's Motion to Dismiss (the "Motion"). (*See* Not. of Mot. (Dkt. No. 23).) For the reasons discussed below, the Motion is granted in part and denied in part.

I.  Background

A.  Factual Background

The following facts are drawn from Plaintiff's Amended Complaint and are taken as true for the purposes of resolving the instant Motion.  *See Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024).

Plaintiff is a New York LLC with its principal place of business in Westchester County, New York.  (Am. Compl. ¶ 4.)  Andy Ryan ("Ryan"), a freelance architectural, interior design, and home products photographer, owns Plaintiff.  (*Id.* ¶ 9.)  Plaintiff's business consists in part of licensing photographs taken by Ryan.  (*Id.*)  Defendant is a Connecticut real estate brokerage. (*Id.* ¶ 5; Def's Mem. in Supp. ("Def's Mem.") (Dkt. No. 24) 4.)

Plaintiff is the sole owner of all rights, title, and interest in original photographs (the "Photos") of a property located at 340 Stanwich Road, Greenwich, Connecticut (the "Property"). (Am. Compl. ¶ 10.)  The Photos are displayed on Plaintiff's website with a notice in the sidebar that reads "(c) Andy Ryan Photographer LLC 2004-2024. All rights reserved" and a notice that is revealed when attempting to right-click the Photos that reads "All images are Registered Copyrights of (c) Andy Ryan Photographer LLC 2004-2024. All rights reserved. For licensing and syndication, email licensing@andyryanphotographer.com[.]"  (*Id.* ¶ 11.)

At an unspecified time, Plaintiff issued Michael Ferraro ("Ferraro") a license for limited use of the Photos that explicitly prohibited third-party use, excepting the Photos' use on a Multiple Listing Service ("MLS") and "on syndicated property listings or in editorial contexts

with proper attribution." (*Id.* ¶ 12.)¹ The license expired sixty days after the sale of the Property, which took place on November 5, 2020. (*Id.*)

Plaintiff alleges that Defendant "used [the Photos] for commercial purposes" by posting them on Defendant's website "in order to attract customers to use [Defendant's] services and to purchase or rent [Defendant's] listed properties." (*Id.* ¶ 13; *see also* Am. Compl., Ex. A (Dkt. No. 20-1).) Plaintiff further alleges that Defendant never had authorization or consent from Plaintiff to use the Photos. (Am. Compl. ¶ 14.)

B.  Procedural Background

Plaintiff initiated this Action on October 14, 2024. (*See* Compl. (Dkt. No. 1).) The Action was initially assigned to Judge Rochon. (*See* Dkt., entry dated October 15, 2024.) On January 29, 2025, Defendant filed the instant Motion. (*See* Not. of Mot.; Def's Mem.) On February 3, 2025, Defendant filed a third-party complaint against Ferraro. (*See* Dkt. No. 27.) On February 12, 2025, the Action was reassigned to this Court. (*See* Dkt., entry dated February 12, 2025.) On the same day, Plaintiff filed its Opposition. (*See* Pl's Mem. in Opp. ("Pl's Opp.") (Dkt. No. 31).) On February 19, 2025, Defendant filed its Reply. (*See* Def's Reply Mem. in Supp. ("Def's Reply") (Dkt. No. 32).) On May 7, 2025, Defendant dismissed Ferraro without prejudice. (*See* Dkt. No. 37.)

II.  Discussion

A.  Standard of Review

The Supreme Court has held that while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his

---

¹ Defendant asserts, and Plaintiff does not dispute, that Ferraro is a real estate agent. (*See* Def's Mem. 3.)

3

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks and citation omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration adopted) (internal quotation marks and citation omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570. However, if a plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alteration adopted) (internal quotation marks and citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).  Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

B.  Analysis

Defendant moves to dismiss only Plaintiff's DMCA claim.  (*See* Def's Mem. 2.)  Plaintiff argues that it has plausibly alleged claims under Sections 1202(a) and 1202(b) of the DMCA.  (*See* Pl's Opp. 2.)

The DMCA protects the copyright management information ("CMI") of a copyrighted work.  CMI is "the title or identifying information of the work, author or copyright owner, the terms and conditions of use of the work, and identifying numbers or symbols referring to such information."  *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010) (citing 17 U.S.C. § 1202(c)(1)–(3), (6)–(7)); *Zuma Press, Inc. v. Getty Images (US), Inc.*, 845 F. App'x 54, 58 (2d Cir. 2021) (summary order) ("The statutory definition of CMI encompasses, inter alia, '[t]he name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.'" (italics omitted) (quoting 17 U.S.C. § 1202(c))).

5

1. Section 1202(a)

Section 1202 (a) provides that "no person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement—(1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false."  17 U.S.C. § 1202(a).

> To establish a violation of [Section] 1202(a), a plaintiff must prove that (i) the defendant provided, distributed, or imported for distribution CMI in connection with a copyrighted work; (ii) the CMI was false; and (iii) the defendant knew the CMI was false; and (iv) acted with the intent to induce, enable, facilitate, or conceal an infringement. The last two elements are the so-called double scienter requirement.

*Shihab v. Source Digital, Inc.*, No. 23-CV-7266, 2024 WL 3461351, at *8 (S.D.N.Y. July 18, 2024) (citing *Steinmetz v. Shutterstock, Inc.*, 629 F.Supp.3d 74, 85 (S.D.N.Y. 2022)); *Wright v. Miah*, No. 22-CV-4132, 2023 WL 6219435, at *9 (E.D.N.Y. Sept. 7, 2023) (characterizing Section 1202(a) as "prohibit[ing] the addition of copyright information that falsely presents the copyright"), *report and recommendation adopted*, 2023 WL 6216541 (E.D.N.Y. Sept. 25, 2023).

Plaintiff has plausibly alleged that Defendant violated Section 1202(a).  The relevant allegations state:

> On information and belief, Ryan alleges that Defendants, and each of them, in violation of 17 USC § 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information when they added their own logos and author names, bylines, and attribution to the Subject Photographs within the Infringing Uses.
> On information and belief, Ryan alleges that Defendants, and each of them[,] knew that they were providing false copyright management information to their copies of the Subject Photographs and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photographs.

(Am. Compl. ¶¶ 27–28.)  Defendant argues that these allegations are merely "formulaic recitations" of the necessary statutory elements.  (*See* Def's Mem. 10.)  That Plaintiff's

6

allegations closely track the statutory language does not necessarily render the allegations conclusory or warrant granting Defendant's Motion.

The Court finds that the first three elements are met by Plaintiff's allegations that Defendant added its own "logos[,] . . . author names, bylines, and attribution[s]" to the Photos that were distributed through Defendant's website. (Am. Compl. ¶ 27.)  "Such information appears to be sufficient to constitute CMI under the DMCA." *Pilla v. Gilat*, No. 19-CV-2255, 2020 WL 1309086, at *12 (S.D.N.Y. Mar. 19, 2020); *see also Johnson v. Tennyson*, No. 22-CV-5683, 2023 WL 2747025, at *6 (S.D.N.Y. Mar. 8, 2023) (finding that defendant's affixing its logo to the work in question constituted false CMI), *report and recommendation adopted*, 2023 WL 2744659 (S.D.N.Y. Mar. 31, 2023).  This finding is bolstered by the fact that Plaintiff's allegations are similar to those other courts have found sufficient.  *See, e.g., Wright*, 2023 WL 6219435, at *9 (denying a motion to dismiss where plaintiff plausibly alleged that defendant "affix[ed] defendant's logos onto the artwork itself"); *Bus. Casual Holdings, LLC v. TV-Novosti*, No. 21-CV-2007, 2023 WL 1809707, at *7 (S.D.N.Y. Feb. 8, 2023) (denying a motion to dismiss where plaintiff plausibly alleged that defendant "intentionally removed [plaintiff's CMI] . . . and replaced [it] with [defendant's] own"), *report and recommendation adopted*, 2023 WL 4267590 (S.D.N.Y. June 28, 2023); *Trombetta v. Novocin*, No. 18-CV-993, 2021 WL 6052198, at *10 (S.D.N.Y. Dec. 21, 2021) ("At [the motion to dismiss stage], [plaintiff's] allegations with respect to the falsity of the CMI are sufficient to state a claim" where "[the] complaint alleges that [defendant's] affixation of its own copyright notice to the images and description constitutes false CMI.").

With respect to the second scienter requirement, Defendant argues that Plaintiff's allegations are too conclusory to plausibly allege that Defendant acted with the intent to cause or

7

conceal copyright infringement. (*See* Defs' Mem. 9–10.) On the contrary, drawing inferences in Plaintiff's favor and taking all well-pled allegations as true, the Court finds there is a plausible inference that Defendant acted with the intent to cause or conceal its own infringement. To hold otherwise would be contrary to the Second Circuit requirement that district courts "be lenient in allowing scienter issues to survive motions to dismiss." *Sheung Wan Gallery Ltd. v. Kagan*, No. 23-CV-2519, 2024 WL 196671, at *7 (S.D.N.Y. Jan. 18, 2024) (quoting *Michael Grecco Prods., Inc. v. Alamy, Inc.*, 372 F. Supp. 3d 131, 139 (E.D.N.Y. 2019)). Accordingly, the Court denies the Motion on Plaintiff's Section 1202(a) claim.

    2. Section 1202(b)

Section 1202(b) provides that

> No person shall, without the authority of the copyright owner or the law—(1) intentionally remove or alter any [CMI], (2) distribute or import for distribution [CMI] knowing that the [CMI] has been removed or altered without the authority of the copyright owner or the law, or (3) distribute, import for distribution, or publicly perform works . . . knowing that [CMI] has been removed or altered without authority of the copyright owner or the law[—]knowing, or . . . having reasonable grounds to know that it will induce, enable, facilitate, or conceal an infringement . . . .

17 U.S.C. § 1202(b).

Defendant argues that Plaintiff has failed to plausibly state a claim under Section 1202(b). (*See* Def's Mem. 9–10.) The Amended Complaint does not distinguish between the subsections of Section 1202(b). (*See generally* Am. Compl.) Plaintiff does not further clarify the matter in its Opposition. (*See* Pl's Opp. 3 (the brief's only mention of Section 1202(b)).) The Court addresses each subsection in turn.

    a. Section 1202(b)(1)

To establish a Section 1202(b)(1) violation, "a plaintiff must show '(1) the existence of CMI on the allegedly infringed work, (2) the removal or alteration of that information and

8

(3) that the removal was intentional.'" *N.Y. Times Co. v. Microsoft Corp.*, 777 F. Supp. 3d 283, 314 (S.D.N.Y. 2025) (quoting *Fischer v. Forrest*, 968 F.3d 216, 223 (2d Cir. 2020)).

Plaintiff has met the first element by alleging the existence of CMI with the Photos—there were copyright notices placed next to the Photos and embedded in the website when attempting to right-click individual Photos. (*See* Am. Compl. ¶ 11.) Plaintiff also meets the second element by alleging that his CMI was removed by Defendant, as evidenced by the absence of Plaintiff's CMI accompanying the Photos on Defendant's website. (*See id.*, Ex. A.) Finally, Plaintiff meets the third element by alleging that Defendant used the Photos "to attract customers to use [Defendant's] services and to purchase or rent [Defendant's] listed properties." (*Id.* ¶ 13.) This is sufficient to plausibly allege that the removal of the CMI was intentional. *See Phillips v. TraxNYC Corp.*, No. 21-CV-528, 2023 WL 1987206, at *7 (E.D.N.Y. Feb. 14, 2023) (finding a Section 1202(b)(1) claim where plaintiff pled that defendant's use of the copyrighted work "to advertise an item of jewelry . . . supports a finding that the removal of the CMI was intentional"), *report and recommendation adopted*, 2023 WL 2532066 (E.D.N.Y. Mar. 14, 2023); *Hirsch v. F. Daily Inc.*, No. 18-CV-6531, 2021 WL 1158562, at *5 (E.D.N.Y. Feb. 9, 2021) (finding a Section 1202(b)(1) claim was sufficiently pled where plaintiff alleged the existence of CMI, its removal by defendant, and then simply alleged "that the removal was 'intentional and knowing'" (alterations adopted) (citation omitted)), *report and recommendation adopted*, 2021 WL 1163153 (E.D.N.Y. Mar. 26, 2021); *Sheldon v. Plot Com.*, No. 15-CV-5885, 2016 WL 5107072, at *13 (E.D.N.Y. Aug. 26, 2016) (finding a Section 1202(b)(1) claim was plausible where plaintiff pled that the photo had CMI metadata which was not present in the copies that defendant distributed, which had defendant's logo), *report and recommendation adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016); *cf. N.Y. Times*, 777 F. Supp. 3d at 315

9

(in finding a Section 1202(b)(1) claim plausibly alleged, noting "this Circuit's leniency when evaluating scienter on a motion to dismiss").  Accordingly, the Court denies the Motion as to Plaintiff's Section 1202(b)(1) claim.

      b.  Sections 1202(b)(2)

Section 1202(b)(2) "prohibits the distribution of CMI with missing or altered information, while [S]ection 1202(b)(3) governs the distribution of works with missing or altered CMI."  *Wright*, 2023 WL 6219435, at *8 (citing *Mango v. Buzzfeed*, 356 F. Supp. 3d 368, 377 (S.D.N.Y. 2019), *aff'd*, 970 F.3d 167 (2d Cir. 2020)).  To state a Section 1202(b)(2) claim as distinct from a 1202(b)(3) claim, a plaintiff must "allege that [the] defendant distributed[,] removed[,] or altered CMI separate and apart from the distribution of the copyrighted [works at issue]."  *Id.*  Here, Plaintiff has not made any such allegations.  Therefore, it has failed to state a Section 1202(b)(2) claim.

      c.  Section 1202(b)(3)

To establish a violation of Section 1202(b)(3), a plaintiff must show:

> (1) the existence of CMI in connection with a copyrighted work; and (2) that a defendant "distribute[d] . . . works [or] copies of works"; (3) while "knowing that [CMI] has been removed or altered without authority of the copyright owner or the law"; and (4) while "knowing, or . . . having reasonable grounds to know" that such distribution "will induce, enable, facilitate, or conceal an infringement."

*Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 171 (2d Cir. 2020) (quoting 17 U.S.C. § 1202(b)(3)).  The last two prongs constitute a double-scienter requirement:  "[T]he defendant who distributed improperly attributed copyrighted material must have actual knowledge that CMI 'has been removed or altered without authority of the copyright owner or the law,' as well as actual or constructive knowledge that such distribution 'will induce, enable, facilitate, or conceal an infringement.'"  *Id.*; *see also Monroe v. Buzzfeed, Inc.*, No. 23-CV-6234, 2024 WL 4350964, at *5 (S.D.N.Y. Sept. 30, 2024) (describing the double-scienter requirement).

As discussed above, Plaintiff has plausibly alleged the existence of his CMI in connection with the Photos, (*see* Am. Compl. ¶ 11), thereby meeting the first element. Plaintiff has also "satisfied the second element for a claim under [Section 1202(b)(3)] by alleging that [Defendant] published the [Photos] to its website." *McGlynn v. Towers Investors.com Inc.*, No. 19-CV-89, 2021 WL 1777758, at *4 (S.D.N.Y. May 5, 2021). Defendant argues that Plaintiff has not adequately pled scienter. (Def's Mem. 9–10.) Plaintiff responds that "courts should be lenient in allowing scienter issues to survive motions to dismiss." (Pl's Opp. 3 (quoting *Monroe*, 2024 WL 4350964, at *6).) Plaintiff's citation is accurate—this Court noted the same when denying a motion to dismiss a similar claim. *See Pilla*, 2020 WL 1309086, at *12.

Plaintiff further alleges that Defendant displayed the Photos without his CMI and that Defendant did not have a license to use the Photos. (Am. Compl. ¶¶ 11, 13–14.) This is sufficient to meet the third element because, "[i]n light of these allegations, it is reasonable to infer [D]efendant removed the CMI and distributed the [Photos] 'while knowing that CMI ha[d] been removed . . . without authority of the copyright owner.'" *Smith v. L. Off. of Richard St. Paul, Esq., PLLC*, No. 22-CV-5648, 2023 WL 3570606, at *7 (S.D.N.Y. May 18, 2023) (quoting *Mango*, 970 F.3d at 171); *see also McGlynn*, 2021 WL 1777758, at *4 (finding the third element of a Section 1202(b)(3) claim met when considering similar allegations). Finally, the fourth element is met because it is reasonable to infer that Defendant "knew or had reasonable grounds to know that its removal of the CMI from the [Photos] would induce, enable, facilitate, or conceal an infringement—specifically, its own alleged infringement of [Plaintiff's copyright] to the [Photos]." *Smith*, 2023 WL 3570606, at *7 (finding plaintiff's allegation that defendant's removal of CMI and distribution of the copyrighted work in question was sufficient to find the fourth element met (quoting *Shihab v. Complex Media, Inc.*, No. 21-CV-6425, 2022 WL

11

3544149, at *5 (S.D.N.Y. Aug. 17, 2022))); *see also Shihab*, 2022 WL 3544149, at *5 (finding that a court may infer at the pleading stage that defendant's removal of CMI would conceal an infringement). Accordingly, the Court denies Defendant's Motion on Plaintiff's Section 1202(b)(3) claim.

### III.  Conclusion

For the reasons set forth above, the Motion is granted in part and denied in part. The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 23. The Court hereby schedules a telephonic status conference to be held at 12:30 PM on October 9, 2025. Dial in information can be found in the Court's Individual Rules.

SO ORDERED.

Dated:   September 25, 2025
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge